CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 03 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **MARK ANTHONY KESTNER,** | ) | |
| **Petitioner,** | ) | **Civil Action No. 7:06-cv-00174** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **WAYNESBORO CIRCUIT COURT,** | ) | **By: Hon. James C. Turk** |
| **Respondent.** | ) | **Senior United States District Judge** |
| | ) | |

Petitioner Mark Anthony Kestner, a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner Kestner challenges the validity of his November 2005 conviction in the Waynesboro Circuit Court for felony hit and run and malicious wounding. He is currently serving the term of imprisonment imposed for those convictions. Upon consideration of the petition, the court is of the opinion that it should be dismissed summarily pursuant to Rule 4 of the Rules Governing § 2254 Cases. A petition may be dismissed under this rule if it is clear from the petition that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. An inmate may present his claims to the Supreme Court of Virginia on direct appeal from a decision by the Court of Appeals of Virginia, in a habeas petition in the circuit court where he was convicted, with review of an adverse decision by the Supreme

Court of Virginia; or in a habeas petition filed directly in the Supreme Court of Virginia. See Va. Code § 8.01-654(A)(1); § 17.1-411.

In this case, the petition clearly shows that petitioner has not presented his claims to the Supreme Court of Virginia as required. Petitioner states that he did not file a direct appeal or a habeas petition in state court following his conviction. His failure to exhaust his state remedies mandates summary dismissal of his petition by this court.[1] An appropriate final order will be entered this day.

The Clerk of the Court is directed to send certified copies of this memorandum opinion and final order to petitioner.

ENTER: This 31st day of March, 2006.

James C. Turk
Senior United States District Judge

[1]Petitioner may refile his federal habeas claims if he is unsuccessful in obtaining relief after presenting his claims to the Virginia Supreme Court through one of the three routes described. Petitioner is advised, however, that his time to file state or federal habeas petitions is limited. See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2).